UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LARRY JACOBSON, as Chairman of the Joint
Industry Board of the Electrical Industry,

                    Plaintiff,

  -against-

R.N.R ASSOCIATES, INC.,

                    Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 05-CV-4810 (FB) (JMA)

*Appearances:*
*For the Plaintiff:*
DAVID R. HOCK, ESQ.
Cohen, Weiss and Simon LLP
330 West 42nd Street
New York, NY 10036

**BLOCK, Senior District Judge:**

        On February 21, 2007, Magistrate Judge Joan Azrack issued a Report and Recommendation ("R&R") recommending that a default judgment of $37,837.95 be entered in favor of plaintiff, Larry Jacobson ("Jacobson"), and against defendant, R.N.R. Associates, Inc. ("RNR"). *See* Docket Entry # 14 (R&R). The R&R recited that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of the date of service of this Report," R&R at 12, and that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." *Id.* The government served a copy of the R&R on defendant at their last known address on February 21, 2007, *see* Docket Entry # 16 (Certificate of Service), making objections due by March 12, 2006. *See* Fed. RR. Civ. P. 6(a), 6(e). To date, no objections have been filed.

Where, as here, clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

As no error appears on the face of the Magistrate Azrack's R&R, the Court adopts it without *de novo* review. The Clerk is directed to enter judgment in accordance with the R&R.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 9, 2007

2